UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSUE PAGUADA, on behalf of himself
and others similarly situated,

                 Plaintiff,

- against -

MET-RX SUBSTRATE TECHNOLOGY,

                 Defendant.

**ORDER**

20 Civ. 6672 (PGG)

        On August 20, 2020, Plaintiff Josue Paguada commenced this putative class action against Defendant Met-Rx Substrate Technology Delaware, Inc., alleging that the website www.metrx.com is not accessible to blind and visually-impaired consumers, and thus violates the Americans with Disabilities Act. (Cmplt. (Dkt. No. 1))

        On August 28, 2020, this Court referred the case to Magistrate Judge Sarah L. Cave for general pretrial supervision. (Dkt. No. 6)

        On September 9, 2020, Plaintiff voluntarily dismissed his claims against Met-Rx Substrate Technology Delaware, Inc. (Dkt. No. 9)  Plaintiff then filed an Amended Complaint naming Met-Rx Substrate Technology as Defendant. (Dkt. No. 10)  A summons was issued on September 17, 2020. (Dkt. No. 12)  Plaintiff has not filed proof of service on the docket.

        On December 30, 2020, Judge Cave ordered Plaintiff "to show cause why this case should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure or Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute."  Judge Cave directed Plaintiff to respond to her order to show cause by January 15, 2021, and warned "that [a] failure to comply with [the December 30, 2020] Order may in itself result in dismissal of this action." (Dkt. No. 13)  Plaintiff did not respond in any fashion to Judge Cave's order to show cause.

On January 20, 2021, Judge Cave issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims be dismissed without prejudice for failure to prosecute. (Dkt. No. 14)  Plaintiff did not file any objections to the R & R.

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation."  Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note).

Before dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective].

Baptiste v Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted).  "No single factor is . . . dispositive."  Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17-CV-1677 (VSB) (KHP), 2018 WL 5723120, at *2 (S.D.N.Y. Nov. 1, 2018) (adopting R&R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines).

Judge Cave discusses these factors in her January 20, 2021 R&R.  (Dkt. No. 14) As to the first factor, Plaintiff's non-compliance spans approximately nine months.  After filing

the Amended Complaint, Plaintiff failed to file proof of service for more than three months. Accordingly, on December 30, 2020, Judge Cave ordered Plaintiff to show cause – by January 15, 2021 – why this case should not be dismissed for failure to prosecute.  (Dkt. No. 13)  That deadline passed five months ago, and Plaintiff has not responded in any fashion to the order to show cause.  Accordingly, the first factor supports dismissal.  See Salem, 2017 WL 6021646, at *2 ("A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'" (quoting Peters-Turnball v. Bd. of Educ. of City of New York, No. 96-cv-4914, 1999 WL 959375, at *2, *3 (S.D.N.Y. Oct. 20, 1999))); Avila v. Comm'r of Social Security, 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute after seven month delay)).

As to the second factor, Judge Cave warned Plaintiff that his claims would be dismissed absent a showing of good cause for his failure to serve Defendant.  (Dec. 30, 2020 Order (Dkt. No. 13))  This factor also favors dismissal.

As to the third factor, "[t]he Court can presume that the defendant[] [has] been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time."  Beauford v. Doe #1, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, Judge Cave sought to protect Plaintiff's right to due process by warning that his continued failure to serve the Amended Complaint would result in the dismissal of his claims.  (Dec. 30, 2020 Order (Dkt. No. 13))

As to the fifth factor, dismissal is the appropriate sanction.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions

would be useless."  Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [because c]ourt orders and direction have not prompted plaintiff to move her case forward.").

This Court finds no error in Judge Cave's conclusion.  Accordingly, the R&R is adopted in its entirety and Plaintiff's claims are dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to terminate any pending motions and to close this case.

Dated: New York, New York
        June 15, 2021                                SO ORDERED.

                                                    Paul G. Gardephe
                                                    United States District Judge